FILED IN CHAMBERS
U.S.D.C.   Atlanta

JUL 2 7 2010

JAMES N. HATTEN, Clerk
By: _____ Stanhope
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TIMOTHY PRESTON, | :: | CIVIL ACTION NO. |
| BOP Reg. # 43175-019, | :: | 1:08-CV-2493-CAM |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| UNITED STATES OF AMERICA, | :: | FEDERAL TORT CLAIM |
| Defendant. | :: | 28 U.S.C. § 1346 |

## ORDER AND OPINION

Now before the Court are Defendant United States's Motion for Summary Judgment or Dismissal [19] and Plaintiff Timothy Preston's Motion in Opposition thereto [23], Motion to Withdraw Notice of Appeal [28], Motion for Disposition [30], and Motion for Leave to Proceed in Forma Pauperis [31].

### I. Background

Preston sues the United States under the Federal Tort Claims Act (FTCA). In allowing his claims to proceed, this Court described Preston's allegations as follows:

Plaintiff alleges in his complaint that he slipped and fell on or about February 24, 2007, at approximately 10:40 p.m. [on Saturday night], while attempting to use a plastic chair to support himself as he climbed into his upper bunk at the United States Penitentiary in Atlanta, Georgia (USP-Atlanta). (Am. Compl. [5], Attach. A, Pl.'s Sept. 8, 2008 (3rd) Aff. ¶ 1.) Plaintiff states that he had warned USP-Atlanta officials in January 2007 about the danger involved in an inmate's attempting to climb into an upper bunk without the assistance of a ladder attached to

the bunk bed, especially given the size of the newly installed lights in the inmate cells. However, nothing was done to remedy the situation. (Am. Compl., Claim for Damage, Injury, or Death, Attach. A, Pl.'s First Sept. 19, 2007 (1st) Aff. ¶¶ 1-4.)[1] Plaintiff alleges that when he fell to the floor of his cell, he severely injured his left elbow, but [he did not receive] medical care [until] the morning of February 26, 2007, the following Monday, after "having been in agonizing pain for [more than] 30 hours without medical attention." On or about March 20, 2007, "a steel plate and screws were surgically implanted in [his] left elbow." (Pl.'s 3rd Aff. ¶¶ 1-2.)

Plaintiff states that "it was 'unreasonably dangerous to access his assigned top bunk by [the] usual means of pushing and jumping from a plastic chair and/or steel table while grasping the upper rail.' Without a bed ladder there was no reasonable means provided for accessing [the] top level bunks at Atlanta USP during the time of [his] injury." (Id. ¶ 5.) Plaintiff seeks $1,500,000 in damages that he alleges were caused by the negligence of United States employees "in failing to provide ladders and to respond to a series of bunk bed incidents." (Id., Addendum.)

(Order [9] at 4-5.)

## II. Summary Judgment Standard and Procedures

Summary judgment is proper if the pleadings and other documents on file

"show that there is no genuine issue as to any material fact and that the moving party

---

[1]        According to Plaintiff, on January 9, 2007, he sent Warden Zenk of . . . USP Atlanta an Inmate Request to Staff, "explaining that, on two occasions since the installation of the new (larger) lights in the cells at USP Atlanta (which extend over the top bunk in most cells), [he had] slipped on [his] table and/or chair while attempting to climb into [his] top bunk." (Pl.'s 1st Aff. ¶ 1.)

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). When considering a summary judgment motion, a court must "view the evidence and all factual inferences therefrom in the light most favorable" to the non-movant. <u>Burton v. City of Belle Glade</u>, 178 F.3d 1175, 1187 (11th Cir. 1999). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (internal quotations omitted).

The movant bears the initial burden of demonstrating that summary judgment is warranted. <u>Apcoa, Inc. v. Fidelity Nat'l Bank</u>, 906 F.2d 610, 611 (11th Cir. 1990). The movant may do so by showing "that there is an absence of evidence to support the nonmoving party's case." <u>Celotex</u>, 477 U.S. at 325. Once the movant has properly

3

supported the summary judgment motion, the non-movant then must "come forward with specific facts showing that there is a *genuine issue for trial*," i.e., that the evidence is sufficient to support a jury verdict in the non-movant's favor. <u>Bailey v. Allgas, Inc.</u>, 284 F.3d 1237, 1243 (11th Cir. 2002) (internal quotations omitted). <u>See also</u> <u>Chanel, Inc. v. Italian Activewear of Fla., Inc.</u>, 931 F.2d 1472, 1477 (11th Cir. 1991) (stating that "non-moving party must come forward with *significant, probative evidence*") (emphasis added). "[C]onclusory assertions . . . [without] supporting evidence are insufficient to withstand summary judgment." <u>Holifield v. Reno</u>, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997).

### III.  Discussion

The United States argues that it is entitled to summary dismissal of this action because Preston's claim is barred by the discretionary function exception to the FTCA's limited waiver of sovereign immunity. (Def.'s Mem. of Law, Doc. 19-2 at 3, 6.) Preston responds that "the element of judgment or choice" was removed from the decision not to place ladders on the bunk beds at USP Atlanta "by Defendant's 'willful' failure to exercise ordinary care in keeping the premises and approaches [to the upper bunk beds] safe." (Pl.'s Resp., Doc. 23 at 9.)

AO 72A
(Rev.8/82)

"It is well settled that sovereign immunity bars suits against the United States except to the extent that it consents to be sued." <u>Means v. United States</u>, 176 F.3d 1376, 1378 (11th Cir. 1999). The FTCA provides a "limited waiver" of this sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" <u>JBP Acquisitions, L.P. v. United States ex rel. FDIC</u>, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1), which also provides that liability attaches "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").

There is, however, a discretionary function exception to the FTCA's limited waiver of liability, providing that 28 U.S.C. § 1346 does not apply to a claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "[T]he purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort[. Therefore,] when properly construed, the exception

5

AO 72A
(Rev.8/82)

protects . . . governmental actions and decisions based on considerations of public policy." United States v. Gaubert, 499 U.S. 315, 323 (1991) (internal quotations omitted).

> Where Congress has delegated the authority to an independent agency or to the Executive Branch to implement the general provisions of a regulatory statute and to issue regulations to that end, there is no doubt that planning-level decisions establishing programs are protected by the discretionary function exception, as is the promulgation of regulations by which the agencies are to carry out the programs. In addition, the actions of Government agents involving the necessary element of choice and grounded in the social, economic, or political goals of the statute and regulations are protected.

Id.

A two-part test is used to determine whether the United States is immune from liability under the discretionary function exception: (1) "whether the [federal employee's] conduct involves an element of judgment or choice, which will be the case unless a federal statute, regulation, or policy specifically prescribes a course of action embodying a fixed or readily ascertainable standard"; and (2) "whether the judgment or choice is grounded in considerations of public policy," an inquiry that focuses not "on whether the agent actually weighed policy considerations, but on the nature of the actions taken and on whether they are susceptible to policy analysis." Nguyen v. United States, 556 F.3d 1244, 1250 n.2 (11th Cir. 2009) (citing Gaubert).

6

In short, if a federal employee's choice is not prohibited by a federal statute, regulation, or policy, and is grounded in considerations of public policy, that policy choice is excepted from the FTCA's limited waiver of sovereign immunity because it constitutes a discretionary function.

Section 4042(a)(2)-(3) of Title 18 of the United States Code requires the Bureau of Prisons (BOP) to "provide suitable quarters and provide for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States," and to "provide for the protection . . . of all [such] persons." Other courts, considering whether the failure of BOP officials to provide ladders on prison bunk beds is actionable under the FTCA, have concluded that it is not because of the discretionary function exception. In Jackson v. United States, No. 06-88, 2007 WL 2033902 (W.D. Pa. July 12, 2007), for example, the court noted that "[a]lthough the prison officials of the United States have a statutory duty to protect inmates from harm, generally decisions regarding the best way to safeguard prisoners are discretionary in nature and do not provide subject matter jurisdiction to the federal courts for negligence claims against the United States." Id. at *8 (footnote omitted).

Noting that there is "no statute, regulation, or policy to specifically govern the use of ladders on bunk beds" in federal prisons, the Jackson court determined that the

7

prison warden "was left to exercise his own discretion to determine whether ladders should be provided for the bunk beds" at issue, and, "[i]n his discretion, . . . decided to not add ladders to the beds for safety and security reasons." Id. (internal quotations omitted) (noting that "[i]f a ladder is welded to a bed, it creates a serious impediment during a forced cell move of an inmate," and that "free standing ladders cannot be used because the inmates can use them as weapons, or they can break the ladders apart and use the pieces as weapons"). Accordingly, the Jackson court concluded that "[i]t is beyond dispute that [the] decision not to add ladders to the bunk beds . . . was grounded in prison and inmate safety, which is precisely the type of policy decision that is protected by the discretionary function exception." Id. at *9. See also Bultema v. United States, 359 F.3d 379, 384 (6th Cir. 2004) (affirming grant of summary judgment to United States, under FTCA's discretionary function exception, on federal prisoner's "claim that the bunk beds should have had ladders and/or guardrails," because that decision "is a discretionary call to be made by prison administrators"; and noting that "[t]here [a]re valid safety and security concerns relating to the beds at issue," i.e., "[g]uard rails, and sometimes ladders, are not included because of the danger that they can be broken off and used as weapons or escape devices"); Harris v. United States, No. 1:05CV17, 2006 U.S. Dist. LEXIS 63939, at *16-17 (N.D. W.

8

Va. Sept. 6, 2006) (finding that discretionary function exception protected BOP from liability for its "decision to refuse to install guardrails" on federal prisoners' bunk beds).

It is undisputed here that there is no "statute, rule, or policy requiring the installation of ladders in inmate cells for accessing the upper bunk." (Resp't Ex. 1, Decl. of Duane Mowrey, Doc. 19-4 at 2 ¶ 5; see Pl.'s Resp., Doc. 23 at 8 (acknowledging that 18 U.S.C. § 4042(a) "does not dictate the manner in which the duty [to provide for the safekeeping of federal prisoners] must be fulfilled, and thus does not specifically prescribe[] a course of action that government employees must follow").) Nevertheless, it appears that Preston correctly suggests in his response to the United States's motion for dismissal that Warden Zenk did not consider the question of whether ladders should be installed on the bunk beds at USP Atlanta until "Preston raised the issue through an 'Inmate Request to Staff.'" (Resp't Ex. 2, Decl. of Michael Zenk, Doc. 19-4 at 4 ¶ 5.)

However, because it is undisputed that no "federal statute, regulation, or policy" prohibits the provision of ladderless bunk beds to federal prisoners, the issue now before the Court is not whether Warden Zenk "actually weighed policy considerations" in failing to provide ladders at USP Atlanta, but rather whether that

9

failure is "susceptible to policy analysis." See Nguyen, 556 F.3d at 1250 n.2. As revealed by the discussions in Jackson and Bultema, noted above, that failure is indeed susceptible to policy analysis, i.e., there are sound public policy reasons for not providing ladders on bunk beds in federal prisons, reasons grounded in prison and inmate safety. Accordingly, Warden Zenk's failure to provide a ladder for Preston's use in obtaining access to his upper bunk bed is protected by the FTCA's discretionary function exception, and Preston's FTCA action is due to be dismissed on that basis.

## IV.  Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment or Dismissal [19] is **GRANTED**; Preston's Motion in Opposition thereto [23] is **DENIED**; Preston's Motion to Withdraw Notice of Appeal [28], Motion for Disposition [30], and Motion for Leave to Proceed in Forma Pauperis to Correct Court Fee Default(s) [31] are **DENIED AS MOOT**; and this action is **DISMISSED**.

**IT IS SO ORDERED**, this ___27th___ day of ___July___, 2010.

WILLIAM C. O'KELLEY
UNITED STATES DISTRICT JUDGE

10